# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ICE MACHINE COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MODERN ICE EQUIPMENT COMPANY, INC. et al.,<br><br>    Defendants. | Case No.: 24-cv-02083-H-BJC<br><br>**ORDER GRANTING MOTION TO DISMISS DEFENDANT NVENIA, L.L.C. WITHOUT PREJUDICE**<br><br>[Doc. No. 12.] |

    On September 6, 2024, Plaintiff American Ice Machine Company ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego against Defendants Modern Ice Equipment Company and Supply Company ("Modern") and Nvenia, L.L.C. ("Nvenia"). (Doc. No. 1, Compl.) On November 6, 2024, Modern, with Nvenia's consent, removed Plaintiff's complaint to the United States District Court for the Southern District of California. (Doc. No. 1, Notice of Removal ¶ 14.)  On November 13, 2024, Modern filed its answer and counterclaims against Plaintiff. (Doc. No. 7.) On December 5, 2024, Nvenia filed a motion to dismiss Plaintiff's complaint against it for failure to state a claim. (Doc. No. 12.) On December 23, 2024, Plaintiff filed a response in opposition to Nvenia's motion to dismiss.  (Doc. No. 14.) On January 6, 2025, Nvenia filed a reply in support of its motion to dismiss. (Doc. No. 16.) On January 7, 2025, the Court took the matter under

submission. (Doc. No. 17.) For the reasons below, the Court grants Nvenia's motion to dismiss and dismisses Nvenia from this case without prejudice.

## Background

On September 6, 2024, Plaintiff filed a complaint in the Superior Court of California, County of San Diego against Modern and Nvenia, alleging causes of action for: (1) negligent misrepresentation; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4) breach of contract; (5) breach of express warranty; (6) rescission; and (7) violations of California's Unfair Competition Law ("UCL"), California Business & Professional Code §§ 17200 *et seq*. (Compl. ¶¶ 22–67.) Nvenia moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims against it in their entirety for failure to state a claim.

The following background is taken from the allegations in Plaintiff's state court complaint. Nvenia is a Delaware corporation that manufactures ice-bagging machines. (Compl. ¶ 1.) Modern is an Ohio corporation that sells and distributes ice-bagging machines to its customers. (Id.) Plaintiff is a California corporation that is in the business of packaged-ice retail sales and distribution. (Id. ¶ 6.)

In December 2022, Plaintiff's founder and principal, Mr. Hani Toma, spoke with two of Modern's employees about purchasing a bagging machine. (Id. ¶ 11.) Mr. Toma expressed to Modern's employees that he wished to purchase the bagging machine for use in Plaintiff's production facility beginning in March of 2024. (Id.) During this discussion, Modern's employees represented to Mr. Toma that (1) the manufacturer's warranty on the bagging machine would be for one year beginning on the date when the machine was first operated at Plaintiff's production facility and (2) the labor charge for the set up of the bagging machine would be between $3,000 and $5,000. (Id. ¶ 12.) On December 16, 2022, Plaintiff executed an invoice with Modern for the purchase of a Hamer 540E bagging machine for $110,000. (Id. ¶¶ 1, 13.) The Hamer 540E bagging machine is manufactured by Nvenia. (Id. ¶ 1.)

In April 2023, Modern informed Plaintiff that the bagging machine Plaintiff had purchased had been manufactured and shipped to Modern by Nvenia. (Id. ¶ 14.) Modern informed Plaintiff that it could not store the bagging machine until March 2024 and that Plaintiff needed to accept delivery immediately or be in breach of contract. (Id.) In April 2023, Modern delivered the bagging machine to Plaintiff. (Id. ¶ 15.) Plaintiff accepted delivery and stored the bagging machine, without setting up or initiating it, in its production facility. (Id. ¶¶ 14–15.) On March 20, 2024, about a year after accepting delivery, Plaintiff contacted Modern and hired one of Modern's technicians to set up and initiate the bagging machine. (Id. ¶ 16.) The technician set up and initiated the bagging machine shortly afterward. (Id. ¶ 17.) Modern invoiced Plaintiff for $9,500 for the technician's labor. (Id.) The invoice was for approximately three-times the price that Modern's employees had quoted for the estimated labor cost at the time of Plaintiff's purchase. (Id. at 17.)

On April 16, 2024, Plaintiff sent letters to Modern and Nvenia, demanding that the one-year manufacturer's warranty period for the bagging machine commence from the date of the bagging machine's first initiation in March 2024. (Id. ¶ 18.) Modern and Nvenia informed Plaintiff that Nvenia's manufacturer's warranty period began when the bagging machine was first shipped from Nvenia's manufacturing plant and had already expired. (Id.) Plaintiff claims that it would not have accepted delivery or initiation of the bagging machine at its production facility but for the representation by Modern's employees that the manufacturer's warranty would begin on the date the machine was first operated, not on the date the machine was shipped from the manufacturer. (Id. ¶ 19–21.)

**Discussion**

I.  **Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to give the defendant fair notice of the claim and its grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010). Courts may deny leave to amend where the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Telesaurus, 623 F.3d at 1003 (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

II.     **Analysis**

A. Negligent Misrepresentation Claim

In the complaint, Plaintiff brings claims against both Modern and Nvenia for negligent misrepresentation. (Compl. ¶¶ 22–27.) Nvenia argues that this claim should be dismissed because Plaintiff has failed to plead that it made a misrepresentation. (Doc. No. 12 at 11–12). Under California law, "[t]he elements of negligent misrepresentation are:

'(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Aton Ctr., Inc. v. United Healthcare Ins. Co., 311 Cal. Rptr. 3d 564, 593 (Cal. Ct. App. 2023) (quoting Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 70 Cal. Rptr. 3d 199 (2007)). Plaintiff alleges that Modern's employees made misrepresentations to its principal about the terms of the manufacturer's warranty applicable to the bagging machine and about the cost of the labor during sales discussions but nowhere alleges that Nvenia made a misrepresentation to Plaintiff. (Compl. ¶ 12.) Because Plaintiff has not pled any facts describing a misrepresentation made by Nvenia, it fails to state a claim against Nvenia for negligent misrepresentation.[1]

### B. Breach of Express and Implied Warranty Claims

Plaintiff's complaint brings claims against Nvenia for breach of express warranty, breach of the implied warranty of fitness for a particular purpose, and breach of the implied warranty of merchantability. (Compl. ¶¶ 28–41, 48–51.) Nvenia challenges all of these claims, arguing that Plaintiff has not pled (1) the existence or terms of an express warranty between Nvenia and Plaintiff, (2) that the bagging machine was defective, and (3) that Nvenia had reason to know of Plaintiff's particular purpose. (Doc. No. 12 at 14–17.)

#### i. Breach of Express Warranty

To prevail on a motion to dismiss a breach of express warranty claim, a plaintiff must adequately allege that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." Viggiano v. Hansen Nat. Corp., 944 F. Supp. 2d 877, 893 (C.D. Cal. May

---

[1] In its opposition, Plaintiff appears to raise a claim for fraudulent concealment. (Doc. No. 14-1 at 9–10.) But this Court may not consider claims on a motion to dismiss raised for the first time in the briefing. See Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1050 n.5 (9th Cir. 1987).

13, 2013). Furthermore, a plaintiff "must allege the exact terms of the warranty" and "plaintiff's reasonable reliance thereon." <u>Williams v. Beechnut Nutrition Corp.</u>, 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986).

Plaintiff's complaint does not contain allegations setting forth the exact terms of the warranty that it claims was breached or how the warranty was breached by Nvenia. While Plaintiff's complaint alleges that it purchased the bagging machine upon assurances from Modern's employees, it does not allege any instances of when Plaintiff was in contact with or received information from Nvenia about the bagging machine prior to purchase. (Compl. ¶¶ 12–13.) This is not enough to sustain a claim for breach of express warranty against Nvenia.

### ii. Breach of Implied Warranty of Fitness for Particular Purpose

"An implied warranty of fitness for a particular purpose arises only where (1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." <u>Keith v. Buchanan</u>, 173 Cal. App. 3d 13, 25 (Cal. Ct. App. 1985).

Plaintiff's complaint contains no allegations that Plaintiff was in contact with Nvenia at the time of contracting, let alone that Nvenia had reason to know of Plaintiff's asserted purpose. Plaintiff only alleges that it contracted with Modern for the sale of the bagging machine and that it discussed its needs for the bagging machine with Modern's employees. (Compl. ¶¶ 12–13.) These allegations concerning Modern's conduct are insufficient to state a claim against Nvenia for breach of the implied warranty of fitness for a particular purpose.

### iii. Breach of Implied Warranty of Merchantability

To state a claim for breach of the implied warranty of merchantability, a consumer must demonstrate that the good is not "fit for the ordinary purposes for which such goods

are used." Cal. Com. Code § 2314(2)(c); see <u>Birdsong v. Apple, Inc.</u>, 590 F.3d 955, 958 (9th Cir. 2009). Plaintiff's complaint does not allege that the bagging machine is unfit for ordinary use. Rather, Plaintiff's allegations make clear that Plaintiff's dispute concerning the bagging machine is exclusively with the bagging machine's warranty period and Modern's invoice for the bagging machine's set up. (Compl. ¶¶ 12, 18–21.) In its briefing in opposition to Nvenia's motion to dismiss, Plaintiff asserts that the bagging machine is "defective" and "does not operate as promised" because it "fails, repeatedly shuts down, [and] freezes." (Doc. No. 14-1 at 6, 16.) But this assertion is not pled in the complaint, so the Court may not consider it. See <u>Intri-Plex Tech., Inc. v Crest Grp., Inc.</u>, 499 F.3d 1048, 1052 (9th Cir. 2007). Because Plaintiff does not allege any facts in the complaint to provide notice to Nvenia as to how the bagging machine was unfit for its ordinary use, Plaintiff fails to state a claim against Nvenia for breach of the implied warranty of merchantability. <u>Twombly</u>, 550 U.S. at 555.

### C. Breach of Contract, Recission, and UCL Claims

Plaintiff's complaint brings claims against Nvenia for breach of contract, recission, and for violations of the UCL. (Compl. ¶¶ 42–47; 52–67.) Nvenia argues the breach of contract and recission claims should be dismissed because Plaintiff failed to plead the existence of any contract with it. (Doc. No. 12 at 17–19.) Nvenia further argues that the UCL claims should be dismissed because Plaintiff has not sufficiently alleged any unfair or unlawful business practice on Nvenia's part and because Plaintiff has not asserted a lack of a legal remedy. (Doc. No. 12 at 20–22.) In its briefing in opposition to Nvenia's motion to dismiss, Plaintiff appears to have abandoned these claims because Plaintiff does not address any of Nvenia's arguments concerning them. (<u>See</u> Doc. No. 16.) The Court may therefore properly deem that these claims against Nvenia have been waived. <u>See Conservation Force v. Salazar</u>, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. Dec. 30, 2009).

The Court notes, however, that the breach of contract and recission claims require that Plaintiff have adequately pled that a contract existed between it and Nvenia. <u>See D'Arrigo Bros. of Cal. v. United Farmworkers of Am.</u>, 169 Cal. Rptr. 3d 171, 178 (Cal.

Ct. App. 2014) (breach of contract claim requires the existence of a contract between the parties); Viterbi v. Wasserman, 123 Cal. Rptr. 3d 231, 236 (Cal. Ct. App. 2011) (recission claim requires the same). But Plaintiff has failed to plead that it contracted directly with Nvenia. Instead, Plaintiff pleads that its contract was with Modern. (Compl. ¶¶ 12–13.) Furthermore, Plaintiff's UCL claim is predicated on Counts I through VI of the complaint and is properly dismissed on the basis that the predicate counts fail to state a claim. (Compl. ¶ 62); see Reyes v. Costco Wholesale Corp., 2024 WL 3105624, at *9 (E.D. Cal. June 24, 2024) (dismissing UCL claims where plaintiff failed to state a claim for any predicate violation of the law).

### D. Leave to Amend

Finally, Nvenia requests that the Court deny Plaintiff leave to amend. (Doc. No. 12 at 22.) Plaintiff opposes. (Doc. No. 14-1 at 13.) Because Plaintiff's complaint by and large does not contain specific allegations against Nvenia, the Court cannot determine if amendment would be futile. See Telesaurus, 623 F.3d at 1003. The Court therefore grants Plaintiff leave to amend the complaint to the extent it can provide specific allegations against Nvenia that would support its claims consistent with this opinion.

### Conclusion

For the reasons above, the Court grants Nvenia's motion to dismiss without prejudice and dismisses Nvenia from this case. The Court grants Plaintiff **thirty (30) days** from the date of this order to amend or cure the deficiencies in its complaint as to its claims against Nvenia—if it can—in an amended complaint.

**IT IS SO ORDERED.**

DATED: January 27, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT