UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ICE MACHINE COMPANY, a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MODERN ICE EQUIPMENT COMPANY, INC. et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-cv-02083-H-BJC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>[Doc. No. 37.] |

On February 26, 2025, Plaintiff American Ice Machine Company filed its first amended complaint. (Doc. No. 29, FAC.) On March 12, 2025, Defendant Modern Ice Equipment and Supply Company ("Modern Ice") filed its answer to Plaintiff's first amended complaint and a counterclaim against Plaintiff. (Doc. No. 30.) On April 8, 2025, Plaintiff filed a motion to strike affirmative defenses from Modern Ice's answer. (Doc. No. 37.) On May 19, 2025, Modern Ice filed its response in opposition to Plaintiff's motion. (Doc. No. 43.) On May 20, 2025, the Court took the matter under submission. (Doc. No. 44.) On May 27, 2025, Plaintiff filed its reply. (Doc. No. 45.) For the reasons below, the Court denies Plaintiff's motion to strike.

## Background

The following background is taken from the allegations in Plaintiff's first amended complaint. Modern Ice is an Ohio corporation that sells and distributes ice-bagging

machines to its customers. (FAC ¶ 1, 8.) Defendant Nvenia, LLC ("Nvenia") is a Delaware corporation that manufactures certain models of ice-bagging machines that Modern Ice distributes. (Id. ¶ 1, 7.) Plaintiff is a California corporation that is in the business of packaged-ice retail sales and distribution. (Id. ¶ 6.)

In December 2022, Plaintiff's founder and principal, Mr. Hani Toma, viewed information concerning a Hamer 540E ice-bagging machine on Nvenia's website. (Id. ¶¶ 11–12.) Shortly thereafter, Mr. Toma contacted Modern Ice and spoke with two of Modern Ice's employees about purchasing a Hamer 540E. (Id. ¶ 15.) Mr. Toma told Modern Ice's employees that he wished to purchase a Hamer 540E to use in Plaintiff's production facility beginning in March of 2024. (Id.) During this discussion, Modern Ice's employees represented to Mr. Toma that (1) the manufacturer's warranty on the Hamer 540E would be for one year beginning on the date when the machine was first operated at Plaintiff's production facility and (2) the labor charge for setup of the Hamer 540E would be between $3,000 and $5,000. (Id. ¶ 16.) On December 16, 2022, Plaintiff executed an invoice with Modern Ice for the purchase of a Hamer 540E for $110,000. (Id. ¶¶ 1, 17, Ex. B.)

In April 2023, Modern Ice informed Plaintiff that the Hamer 540E Plaintiff had purchased had been manufactured and was ready for delivery. (Id. ¶ 18.) Plaintiff objected, stating it could not accept delivery until March of 2024. (Id.) Modern Ice responded that Plaintiff needed to accept delivery immediately or be in breach of contract. (Id.) In April 2023, Modern Ice delivered the Hamer 540E to Plaintiff. (Id. ¶ 19.) Plaintiff accepted delivery and stored the Hamer 540E, without setting up or initiating it, in its production facility. (Id. ¶¶ 18–19.) On March 20, 2024, about a year after accepting delivery, Plaintiff hired one of Modern Ice's technicians to set up and initiate the Hamer 540E. (Id. ¶ 20.) The technician did so shortly afterward. (Id. ¶ 21.) Modern Ice invoiced Plaintiff $9,500 for the technician's labor. (Id.) After the machine was initiated, Plaintiff noticed several deficiencies with the machine, including that bags produced by the machine

leak, that several parts needed frequent replacement, and that the machine repeatedly shut down due to malfunction. (Id. ¶ 14.)

On April 16, 2024, Plaintiff contacted Modern Ice and Nvenia and demanded that the Hamer 540E's one-year warranty period commence from the date of first initiation in March 2024. (Id. ¶ 22.) Modern Ice and Nvenia informed Plaintiff that the manufacturer's warranty period began when the Hamer 540E was first shipped from Nvenia's manufacturing plant and, thus, had already expired. (Id.) Plaintiff claims that it would not have accepted delivery or initiation of the Hamer 540E at its production facility but for the representation by Modern Ice's employees that the manufacturer's warranty would begin on the date the machine was first operated, not on the date the machine was shipped from Nvenia's plant. (Id. ¶ 23–25.)

On February 26, 2025, Plaintiff filed its first amended complaint against Modern Ice and Nvenia, alleging causes of action for: (1) negligent misrepresentation; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4) breach of contract; (5) breach of express warranty; (6) rescission; (7) violation of California's False Advertising Law, California Business & Professional Code §§ 17500, et seq.; and (8) violation of California's Unfair Competition Law ("UCL"), California Business & Professional Code §§ 17200, 17500 *et seq*. (FAC ¶¶ 26–77.) On March 30, 2025, Modern Ice filed its answer to Plaintiff's complaint, in which it asserted ten affirmative defenses. (Doc. No. 30 at 11–12.) Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(f) to strike all the affirmative defenses set forth in Modern Ice's answer.

## Discussion

### I. Legal Standard

Federal Rule of Civil Procedure 12(f) permits courts to strike "an insufficient defense" from a pleading. Fed. R. Civ. P. 12(f). Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Kohler v. Islands Restaurants, LP, 280 F.R.D.

560, 563–64 (S.D. Cal. 2012) (quoting Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).  In reviewing a motion to strike, the court must view the pleadings in the light most favorable to the plaintiff.  See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  Simmons v. Navajo Cty., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979)).  "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense.  It does not, however, require a detailed statement of facts."  Islands Restaurants, 280 F.R.D. at 564 (citation omitted).  "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"  Id. (quoting McArdle v. AT&T Mobility, LLC, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).  "Generally, to prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant."  Mattox v. Watson, No. 07-cv-5006, 2007 WL 4200213, at *2 (C.D. Cal. Nov. 15, 2007).

## II. Analysis

Plaintiff asserts that all ten of Modern Ice's affirmative defenses should be stricken because Modern Ice does not describe the underlying factual basis for each defense and, thus, fails to provide fair notice. (See Doc. No. 37-1 at 3.)  Plaintiff, however, does not explain how it will be prejudiced if this Court does not strike Modern Ice's affirmative defenses, given that this case is in its early stages and discovery is ongoing.  (See Doc. Nos. 37-1, 45.)  Modern Ice, for its part, asserts that the factual basis for its defenses are self-explanatory and flow logically from Plaintiff's own claims and the written contract between the parties that is attached as an exhibit to both parties' pleadings.  (See Doc. No. 43 at 5–6; FAC, Ex. B.)  The Court will examine each defense in turn.

\\
\\

A. <u>Defendant's First, Second, and Fourth Affirmative Defenses</u>

Modern Ice's first affirmative defense asserts that Plaintiff's first amended complaint fails to state a claim upon which relief can be granted. (Doc. No. 30 at 11.) However, failure to state a claim is not an affirmative defense. Rather, it is "an argument that the plaintiff has not met its burden alleging the elements of its claims." <u>LL B Sheet 1, LLC v. Loskutoff</u>, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019). Similarly, Modern Ice concedes that its second and fourth affirmative defenses, asserting that an oral contract did not exist and that Plaintiff failed to mitigate damages, respectively, are not affirmative defenses. (<u>See</u> Doc. No. 43 at 4–5.)

The fact that an affirmative defense may be better characterized as a challenge to or a denial of an element of a plaintiff's cause of action "provides insufficient grounds for striking [a] defense[]." <u>Smith v. Wal-Mart Stores</u>, No. 06-cv-2069, 2006 WL 2711468, at *9–10 (N.D. Cal. Sept. 20, 2006); <u>see</u> <u>Weddle v. Bayer AG Corp.</u>, No. 11-cv-817, 2012 WL 1019824, at *4 (S.D. Cal. Mar. 26, 2012) ("Denials that are improperly pled as defenses should not be stricken on that basis alone.") (quoting <u>J & J Sports Prods., Inc. v. Delgado</u>, No. 10-cv-2517, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011)). Moreover, motions to strike are disfavored and Plaintiff has failed to explain how it would be prejudiced if these defenses remain in the answer. The Court denies Plaintiff's motion to strike Modern Ice's first, second, and fourth defenses.

B. <u>Defendant's Third, Fifth, and Eighth Affirmative Defenses</u>

Modern Ice's third, fifth, and eighth affirmative defenses assert that Plaintiff's contract claims are barred by the statute of frauds, the express terms of the warranty, and/or the parol evidence rule, respectively. (<u>See</u> Doc. No. 30 at 11.) After reviewing the pleadings, the Court concludes that Modern Ice sufficiently provides fair notice of its third, fifth, and eight affirmative defenses by referencing the written contract at issue in this litigation and by the allegations set forth in its counterclaim. (<u>See</u> FAC, Ex. B; Doc. No. 30, Ex. 1; Doc. No. 30 at 12–14.) Essentially, Plaintiff asserts a breach of oral contract claim and breach of warranty claims, and Modern Ice asserts that the existence and terms

of a written contract legally bar these claims. (See Doc. No. 30, Answer ¶¶ 12, 17, Counterclaim ¶¶ 5–9, Ex. 1; FAC ¶¶ 46–55.) This is sufficient fair notice, thus, the Court declines to strike Modern Ice's third, fifth, and eighth affirmative defenses. See Wyshak, 607 F.2d at 827.

### C. Defendant's Sixth and Seventh Affirmative Defenses

Modern Ice's sixth affirmative defense asserts the affirmative defenses of waiver, estoppel, and/or laches. (See Doc. No. 30 at 11.) Modern Ice's seventh affirmative defense asserts that Plaintiff's fraud and/or negligent misrepresentation claim is barred by "Plaintiff's own contributory or comparative negligence, intentional conduct and/or assumption of the risk." (Id.) While Modern Ice does not support these defenses with facts, "[f]or well-established defenses, merely naming them may be sufficient" to satisfy the fair notice standard. Springer v. Fair Isaac Corp., No. 14-cv-02238, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Because Plaintiff does not identify how it will be prejudiced if these defenses remain in Modern Ice's answer, the Court declines to strike Modern Ice's sixth and seventh affirmative defenses.

### D. Defendant's Tenth Affirmative Defense

Finally, in its tenth affirmative defense, Modern Ice reserves the right to identify additional affirmative defenses following discovery and to assert them in an amended answer. (Doc. No. 30 at 12.) Although this is not an affirmative defense, but rather a reservation of rights to assert additional defenses, Plaintiff does not explain how it will be prejudiced if this reservation of rights remains in Modern Ice's answer. Thus, the Court denies Plaintiff's motion to strike Modern Ice's tenth affirmative defense.

### Conclusion

For the reasons above, the Court denies Plaintiff's motion to strike.

**IT IS SO ORDERED.**

DATED: June 2, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT