UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ICE MACHINE COMPANY, a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>MODERN ICE EQUIPMENT COMPANY, INC. et al.,<br><br>         Defendants. | Case No.: 24-cv-02083-H-BJC<br><br>**ORDER GRANTING MOTION TO DISMISS DEFENDANT NVENIA, LLC WITH PREJUDICE**<br><br>[Doc. No. 31.] |

On March 12, 2025, Defendant Nvenia, LLC ("Nvenia") filed a motion to dismiss Plaintiff American Ice Machine Company's first amended complaint for failure to state a claim against it. (Doc. No. 31.) On April 7, 2025, Plaintiff filed its response in opposition to Nvenia's motion. (Doc. No. 34.) On April 21, 2025, Nvenia filed its reply. (Doc. No. 39.) On May 5, 2025, the Court took the matter under submission. (Doc. No. 40.) For the reasons below, the Court grants Nvenia's motion to dismiss without leave to amend.

**Background**

The following background is taken from the allegations in Plaintiff's first amended complaint. Modern Ice is an Ohio corporation that sells and distributes ice-bagging machines to its customers. (FAC ¶ 1, 8.) Defendant Nvenia, LLC ("Nvenia") is a Delaware corporation that manufactures certain models of ice-bagging machines that

Modern Ice distributes. (Id. ¶ 1, 7.) Plaintiff is a California corporation that is in the business of packaged-ice retail sales and distribution. (Id. ¶ 6.)

In December 2022, Plaintiff's founder and principal, Mr. Hani Toma, viewed information concerning a Hamer 540E ice-bagging machine on Nvenia's website. (Id. ¶¶ 11–12.) Shortly thereafter, Mr. Toma contacted Modern Ice and spoke with two of Modern Ice's employees about purchasing a Hamer 540E. (Id. ¶ 15.) Mr. Toma told Modern Ice's employees that he wished to purchase a Hamer 540E to use in Plaintiff's production facility beginning in March of 2024. (Id.) During this discussion, Modern Ice's employees represented to Mr. Toma that (1) the manufacturer's warranty on the Hamer 540E would be for one year beginning on the date when the machine was first operated at Plaintiff's production facility and (2) the labor charge for setup of the Hamer 540E would be between $3,000 and $5,000. (Id. ¶ 16.) On December 16, 2022, Plaintiff executed an invoice with Modern Ice for the purchase of a Hamer 540E for $110,000. (Id. ¶¶ 1, 17, Ex. B.)

In April 2023, Modern Ice informed Plaintiff that the Hamer 540E Plaintiff had purchased had been manufactured and was ready for delivery. (Id. ¶ 18.) Plaintiff objected, stating it could not accept delivery until March of 2024. (Id.) Modern Ice responded that Plaintiff needed to accept delivery immediately or be in breach of contract. (Id.) In April 2023, Modern Ice delivered the Hamer 540E to Plaintiff. (Id. ¶ 19.) Plaintiff accepted delivery and stored the Hamer 540E, without setting up or initiating it, in its production facility. (Id. ¶¶ 18–19.) On March 20, 2024, about a year after accepting delivery, Plaintiff hired one of Modern Ice's technicians to set up and initiate the Hamer 540E. (Id. ¶ 20.) The technician did so shortly afterward. (Id. ¶ 21.) Modern Ice invoiced Plaintiff for $9,500 for the technician's labor. (Id.) After the machine was initiated, Plaintiff noticed several deficiencies with the machine, including that bags produced by the machine leak, that several parts needed frequent replacement, and that the machine repeatedly shut down due to malfunction. (Id. ¶ 14.)

|     |     |
| --- | --- |
| 1   | On April 16, 2024, Plaintiff contacted Modern Ice and Nvenia and demanded that |
| 2   | the Hamer 540E's one-year warranty period commence from the date of first initiation in |
| 3   | March 2024.  (Id. ¶ 22.)  Modern Ice and Nvenia informed Plaintiff that the manufacturer's |
| 4   | warranty period began when the Hamer 540E was first shipped from Nvenia's |
| 5   | manufacturing plant and, thus, had already expired.  (Id.)  Plaintiff claims that it would not |
| 6   | have accepted delivery or initiation of the Hamer 540E at its production facility but for the |
| 7   | representation by Modern Ice's employees that the manufacturer's warranty would begin |
| 8   | on the date the machine was first operated, not on the date the machine was shipped from |
| 9   | Nvenia's plant.  (Id. ¶ 23–25.) |
| 10  | On September 6, 2024, Plaintiff filed a complaint in the Superior Court of California, |
| 11  | County of San Diego against Defendants Modern Ice and Nvenia.  (Doc. No. 1, Compl.) |
| 12  | On November 6, 2024, Modern Ice, with Nvenia's consent, removed Plaintiff's complaint |
| 13  | to the United States District Court for the Southern District of California.  (Doc. No. 1, |
| 14  | Notice of Removal ¶ 14.)  On December 5, 2024, Nvenia filed a motion to dismiss |
| 15  | Plaintiff's complaint against it for failure to state a claim.  (Doc. No. 12.)  On January 27, |
| 16  | 2025, the Court granted Nvenia's motion to dismiss and dismissed Nvenia from the action |
| 17  | without prejudice.  (Doc. No. 22.) |
| 18  | On February 26, 2025, Plaintiff filed its first amended complaint against Modern Ice |
| 19  | and Nvenia, alleging causes of action for: (1) negligent misrepresentation; (2) breach of |
| 20  | implied warranty of merchantability; (3) breach of implied warranty of fitness for a |
| 21  | particular purpose; (4) breach of contract; (5) breach of express warranty; (6) rescission; |
| 22  | (7) violation of California's False Advertising Law, California Business & Professional |
| 23  | Code §§ 17500, et seq.; and (8) violation of California's Unfair Competition Law ("UCL"), |
| 24  | California Business & Professional Code §§ 17200, 17500 *et seq*.  (Compl. ¶¶ 26–77.) |
| 25  | Nvenia moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's |
| 26  | claims against it in their entirety for failure to state a claim. |
| 27  | \\ |
| 28  | \\ |

## Discussion

### I. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to give the defendant fair notice of the claim and its grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010). Courts may deny leave to amend where the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Telesaurus, 623 F.3d at 1003 (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.,

806 F.2d 1393, 1401 (9th Cir. 1986)).

## II. Analysis

### A. New Allegations

At the outset, as the Court explained in its previous order and again explains below, many of Plaintiffs claims against Nvenia require that it allege some sort of direct interaction, relationship, or transaction have existed between Plaintiff and Nvenia. The Court provided Plaintiff with leave to amend its complaint to add the necessary allegations, but it has failed to do so. Plaintiff's first amended complaint contains the following new allegations: (1) that Plaintiff viewed information about the Hamer 540E on Nvenia's website prior to purchasing a Hamer 540E from Modern Ice, and (2) a list of several issues with the Hamer 540E that Plaintiff experienced after the machine was initiated in March 2024. (FAC ¶¶ 11–14.) These allegations do not address many of the deficiencies the Court identified in its previous order. (See Doc. No. 22 at 5–8.)

Plaintiff asserts that Modern Ice's interactions with Plaintiff can be imputed to Nvenia under an agency theory. (Doc. No. 34-1 at 18, 21.) Plaintiff's first amended complaint, however, has provided no allegations regarding Modern Ice and Nvenia's relationship beyond conclusory statements. (See FAC ¶ 10.) In order for Plaintiff to proceed against Nvenia under an agency theory, it must allege facts that would allow the Court to reasonably infer that Modern Ice "represent[e]d" Nvenia "in dealings with third persons." Cal. Civ. Code § 2295. Such allegations, at a minimum, must describe "conduct by each party manifesting acceptance of a relationship whereby one of them is to perform work for the other under the latter's direction." Acevedo v. Sunnova Energy Corp., 738 F. Supp. 3d 1268, 1277 (C.D. Cal. 2024). Plaintiff has not even attempted to allege such facts.[1] With that, the Court will proceed to address why each count in Plaintiff's FAC fails

---

[1] Plaintiff alleges that Nvenia manufactures the Hamer 540E and that Modern Ice is a distributor of the Hamer 540E. (FAC ¶¶ 1, 7–8.) But a manufacturer-distributor relationship is not, by itself, sufficient to establish agency. See Murphy v. DirecTV, Inc., 724 F.3d 1218, 1232 (9th Cir. 2013).

1  to state a claim against Nvenia.

2       B. Count I

3      In Count I of the FAC, Plaintiff brings a claim against Nvenia for negligent
4  misrepresentation. (FAC ¶¶ 26–31.) Plaintiff alleges that Nvenia made misrepresentations
5  on its website regarding the Hamer 540E's functionality and applicable one-year warranty.
6  (See id. ¶ 12.) Plaintiff alleges its principal, Mr. Toma, viewed Nvenia's website and relied
7  on those misrepresentations in subsequently purchasing the Hamer 540E from Modern Ice.
8  (See id. ¶¶ 11–13, 15.) Nvenia argues that Count I should be dismissed because Plaintiff
9  has failed to plead with particularity what misrepresentation Nvenia made. (Doc. No. 31
10 at 13–15.) The Court notes that although the claim in Count I is brought as a negligent
11 misrepresentation claim, Plaintiff explains the underlying theory of this claim by stating
12 that Nvenia "failed to disclose" and "actively concealed" information from Plaintiff. (FAC
13 ¶¶ 28–29.) In its briefing, Plaintiff also shifts between the legal standards for
14 misrepresentation and fraudulent concealment throughout its argument. (See Doc. No. 34-
15 1 at 12–17.) For the sake of completeness, the Court will address both negligent
16 misrepresentation and fraudulent concealment.

17             i. Negligent Misrepresentation

18     Under California law, "[t]he elements of negligent misrepresentation are: '(1) the
19 misrepresentation of a past or existing material fact, (2) without reasonable ground for
20 believing it to be true, (3) with intent to induce another's reliance on the fact
21 misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting
22 damage.'" Aton Ctr., Inc. v. United Healthcare Ins. Co., 311 Cal. Rptr. 3d 564, 593 (Cal.
23 Ct. App. 2023) (quoting Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 70 Cal. Rptr.
24 3d 199 (2007)). Negligent misrepresentation sounds in fraud, so a plaintiff must describe
25 "the who, what, when, where, and how" of the alleged misconduct to satisfy Federal Rule
26 of Civil Procedure 9(b) and avoid dismissal. Kearns v. Ford Motor Corp., 567 F.3d 1120,
27 1124, 1126 (9th Cir. 2009); Monreal v. GMAC Mortg., LLC, 948 F. Supp. 2d 1069, 1077–
28 78 (S.D. Cal. 2013). Specifically, a plaintiff must aver "the statements they relied upon in

making their purchases, what is false or misleading about the statements, and why those statements turned out to be false." In re iPhone 4S Consumer Litig., No. 12-cv-1127, 2014 WL 589388, at *5 (N.D. Cal. Feb. 14, 2024).

Here, Plaintiff's complaint alleges that it relied statements Nvenia made on its website that the Hamer 540E would "form pouches with product and seal them under sterile conditions," "would remain free from defects," and would "be repaired at no cost . . . for a period of twelve (12) months from the date of installation and setup at Plaintiff's facilities." (FAC ¶¶ 11–12.) Plaintiff attached several screenshots of Nvenia's website as Exhibit A to its FAC in support of these allegations. (See FAC Ex. A.) However, the screenshots of Nvenia's website clearly do not contain many of the representations that Plaintiff attributes to it. After reviewing the screenshots submitted as Exhibit A to the FAC, the Court did not find any mention that the Hamer 540E would remain free of defects or that there would be no-cost repair offered. (See id.) More troublingly, Exhibit A contradicts Plaintiff's allegation that Mr. Toma viewed this information on Nvenia's website in 2022, because the screenshots are dated February 26, 2025 along the footer. (Id.) The Court, then, cannot take it as true that Nvenia advertised the statements as alleged. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (holding that courts are not "required to accept as true allegations that contradict exhibits attached to" a complaint).

To be fair, the screenshot of Nvenia's website does represent that the Hamer 540E "enables forming, filling and sealing of all popular bag sizes [of ice]," but the FAC does not explain what about this statement is false. (Id.) Indeed, Plaintiff alleges that the Hamer 540E does bag ice up to ten pounds. (See FAC ¶ 14.) Plaintiff has failed to allege specific statements from Nvenia it relied upon and what about the statements are misleading. Plaintiff therefore fails to state a claim for negligent misrepresentation against Nvenia.

ii. Fraudulent Concealment

"A claim for fraud based on concealment or omission requires that: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally

concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would have acted otherwise if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage." In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig., No. 18-ml-02814, 2019 WL 3000646, at *5 (C.D. Cal. May 22, 2019). Allegations of fraud must set forth "the who, what, when, where, and how of the misconduct charged." Kearns, 567 F.3d at 1124.

Nvenia asserts that Plaintiff fails to plead a claim for fraudulent concealment because Plaintiff does not allege facts to support that Nvenia owed a duty of disclosure to Plaintiff. (Doc. No. 39 at 9.) "Under California law, there are four circumstances in which an obligation to disclose may arise." Smith v. Ford Motor Co., 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010). These include "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact." Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007).

Plaintiff argues that Nvenia owed it a duty to disclose under the partial representation theory because Nvenia made a "misleading affirmative statement" or "half-truth" regarding the functionality of the Hamer 540E. (Doc. No. 34-1 at 14, 16.) But "a duty to disclose arises in this context only where there is already a sufficient relationship or transaction between the parties." Bigler-Engler v. Breg, Inc., 213 Cal. Rptr. 3d 82, 114 (Cal. Ct. App. 2017). As explained above, Plaintiff's first amended complaint contains no allegations that allow the Court to infer that there was a direct relationship or transaction between Plaintiff and Nvenia. See supra Section II.A. Instead, Plaintiff's allegations concern its direct interactions and transaction with Modern Ice. The allegation that Plaintiff viewed Nvenia's website and marketing materials prior to its purchase are of no help, because the necessary relationship "cannot arise between the defendant and the public at large." Bigler-Engler,

213 Cal. Rptr. 3d at 113. Plaintiff, therefore, fails to state a claim for fraudulent concealment against Nvenia.

### C. Counts II, III, and V

Plaintiff's first amended complaint bring claims against Nvenia for breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. (FAC ¶¶ 32–45; 52–55.) The Court will address each claim in turn.

#### i. Express Warranty

To prevail on a motion to dismiss a breach of express warranty claim, a plaintiff must adequately allege that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." Viggiano v. Hansen Nat. Corp., 944 F. Supp. 2d 877, 893 (C.D. Cal. May 13, 2013). Furthermore, a plaintiff "must allege the exact terms of the warranty" and "plaintiff's reasonable reliance thereon." Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986).

Nvenia argues that the breach of warranty claim against it should be dismissed because Plaintiff has again failed to plead the terms of the alleged warranty. (Doc. No. 39 at 10–11.) Plaintiff's FAC alleges that Nvenia's website and marketing materials advertised that the Hamer 540E would remain free of defects, be "effective, proper, and safe for its intended use," and be repaired at no cost for a twelve-month period after the date it was first initiated. (FAC ¶¶ 53, 12.) In short, Plaintiff's alleges that Nvenia publicly advertised that the Hamer 540E "would come with a warranty period of one year from the date of its initial operation." (FAC ¶ 53; see Doc. No. 34-1 at 21.) Plaintiff's allegations and argument are directly contradicted by the screenshots of Nvenia's website and marketing materials that are attached to the FAC. (See FAC Ex. A.) Nowhere in these materials does Nvenia advertise a one-year warranty for the Hamer 540E. The Court cannot reasonably infer, then, that Nvenia made an affirmation of fact, promise, or

description regarding a one-year warranty to Plaintiff. See Daniels-Hall, 629 F.3d at 998. Plaintiff fails to state a claim for breach of express warranty.

### ii. Implied Warranty of Merchantability

To state a claim for breach of the implied warranty of merchantability, a consumer must demonstrate that the good is not "fit for the ordinary purposes for which such goods are used." Cal. Com. Code § 2314(2)(c); see Birdsong v. Apple, Inc., 590 F.3d 955, 958 (9th Cir. 2009). The plaintiff also "must stand in vertical contractual privity with the defendant." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008). An "end consumer . . . who buys from a retailer is not in privity with a manufacturer." (Id.)

Nvenia argues Plaintiff is barred from bringing this claim because vertical privity does not exist between Plaintiff and Nvenia. (See Doc. No. 31 at 17.) Plaintiff responds that an exception to the privity requirement is applicable here because it relied on representations made on Nvenia's website regarding the Hamer 540E. (See Doc. No. 34-1 at 26.) A party's reliance on the written labels or advertisements of a manufacturer is an established exception to the privity requirement, however, it only applies when the labels or advertisements relied upon establish an express warranty between the manufacturer and end-consumer. See Clemens, 534 F.3d at 1023; Burr v. Sherwin Williams Co., 268 P.2d 1041, 1049 (Cal. 1954). As the Court explains above, Plaintiff has not adequately pled what statements Nvenia made that constitute an express warranty, so this exception is not applicable. See supra Section II.C.i. Accordingly, Plaintiff fails to state a claim for breach of the implied warranty of merchantability.

### iii. Implied Warranty of Fitness for a Particular Purpose

Plaintiff has failed to add any allegations to its first amended complaint that address the deficiencies that the Court previously identified in Plaintiff's original complaint for this claim. Specifically, Plaintiff has not alleged that it had any direct contact with Nvenia that would allow the Court to infer that Nvenia, "at the time of contracting ha[d] reason to know of [Plaintiff's] particular purpose" for the Hamer 540E. Keith v. Buchanan, 173 Cal. App. 3d 13, 25 (Cal. Ct. App. 1985); see supra Section II.A. For the same reasons identified in

the Court's previous order, Plaintiff fails to state a claim for breach of the implied warranty of fitness for a particular purpose. (See Doc. No. 22 at 6.)

### D. Counts IV and VI

Counts IV and VI of Plaintiff's first amended complaint set out claims for breach of oral contract and recission against Nvenia. (FAC ¶¶ 46–51; 56–61.) As explained above, Plaintiff has failed to add any allegations to its first amended complaint that address the deficiencies that the Court previously identified in Plaintiff's original complaint for these claims. See supra Section II.A. Therefore, for the same reasons explained in the Court's previous order, Plaintiff fails to state a claim against Nvenia for breach of oral contract and recission. (See Doc. No. 22 at 7–8.)

### E. Counts VII and VIII

Counts VII and VIII of Plaintiff's FAC bring claims against Nvenia for violations of the UCL and California's False Advertising Law. (FAC ¶¶ 62–77.) Nvenia moves to dismiss these claims, and Plaintiff does not address Nvenia's arguments regarding these claims in its opposition. (See Doc. No. 39 at 14.) These claims appear to be based on the same allegations and theories that underly the claim in Count I and are properly dismissed on the basis that the underlying theories fail to state a claim. (FAC ¶¶ 64, 71-72); see supra Section II.B; Monreal, 948 F. Supp. 2d at 1076–77 (dismissing UCL claim brought under unfair, unlawful, and fraudulent prongs where UCL claim was based on same allegations used to support deficiently pled concealment and misrepresentation claims).

### F. Leave to Amend

Finally, Plaintiff requests that this Court grant it leave to amend. (Doc. No. 34-1 at 27.) "Although leave to amend should be given freely, denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile." In re Cloudera Sec. Litig., 121 F.4th 1180, 1190 (9th Cir. 2024) (quoting Lathus v. City of Huntington Beach, 56 F.4th 1238, 1243 (9th Cir. 2023)). Because Plaintiff has failed for a second time, despite guidance from the Court, to put forward basic allegations to sustain its claims against Nvenia, the Court determines Plaintiff is unable to do so and so amendment is futile.

See id. at 1190–91 (affirming denial of leave to amend where one amendment had been allowed and plaintiff made no effort to correct deficiencies previously identified). The Court therefore denies Plaintiff leave to amend.

## Conclusion

For the reasons above, the Court grants Nvenia's motion to dismiss and dismisses Nvenia from this action with prejudice.

**IT IS SO ORDERED.**

DATED: June 2, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT